UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13123-RGS

MANSON BROWN,

v.

JOSEPH PEPE, ET AL.,

MEMORANDUM AND ORDER
December 10, 2013

STEARNS, D.J.

BACKGROUND

On December 1, 2013, this civil rights action was transferred into this court from the United States District Court for the Northern District of Georgia.[1]  *See* Order (Docket No. 2); *Brown v. Pepe*, Civil Action No. 1:13-cv-3751-SCJ-AJB (N.D. Georgia). Plaintiff Manson Brown ("Brown"), formerly a prisoner in custody in Georgia and currently a prisoner in custody at MCI Shirley in Shirley, Massachusetts, filed a Motion for Change of Venue in the Northern District of Georgia because the defendants, Joseph Pepe, a Massachusetts corrections official and Curtis Cinelli, a Massachusetts state police official, were located in Massachusetts.

Brown's claims were the subject of a prior suit in this Court. *See Brown v. Pepe, et al.*, Civil Action No. 12-11687-JLT.  In that case, Brown alleged that in November, 2009, he escaped from a Massachusetts state prison and was later captured in Decatur, Georgia on January 10, 2010.  He claimed that the defendants Pepe and Cinelli, as well as DeKalb County Sheriff Thomas Brown, violated his constitutional rights while taking him into custody, by a "staged perp walk."

Upon adoption by United States District Judge Tauro of Chief Magistrate Judge Leo T. Sorokin's Report and Recommendation (Docket No. 55), the claims against Joseph Pepe were

---

[1] The matter initially was docketed as a Complaint for Mandamus Relief and Frivolity determination; however, Magistrate Judge Alan J. Baverman construed the action as a suit against state officials pursuant to 42 U.S.C. § 1983.

dismissed without prejudice for failure to exhaust administrative remedies. With respect to defendants Cinelli and Sheriff Thomas Brown (Sheriff of DeKalb County Georgia), the court found that venue in the District of Massachusetts was improper, because Sheriff Brown did not reside in Massachusetts. *See Brown v. Pepe*, 12-11687-JLT, 2013 WL 3786464 (D. Mass. July 17, 2013).[2]

Thereafter, on September 30, 2013, Brown filed a Motion to Reinstate the dismissed action, which Judge Tauro denied on October 22, 2013. *See* Order (Docket No. 64).

Upon the heels of the denial, Brown filed the instant action in the Northern District of Georgia. It appears that Brown seeks to reinstate the action only with respect to the Massachusetts defendants (Pepe and Cinelli).

Brown failed to pay the filing fee for a civil action or seek a waiver thereof.

DISCUSSION

    I.    The Filing Fee

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee[3], *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[4]

---

[2]The relevant background of Brown's claims are set forth in Chief Magistrate Judge Leo T. Sorokin's Report and Recommendation on Defendants' Motion to Dismiss and Order on Plaintiff's Motion to Appoint Counsel (Docket No. 55).

[3]The $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding *in forma pauperis*. *See* Judicial Conference Fee Schedule.

[4]Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained

Accordingly, within 21 days of this Memorandum and Order, Brown either shall (1) pay the $400.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement. Failure to comply with this directive may result in the dismissal of this action.

For the convenience of litigants, this Court provides a form application to seek leave to proceed *in forma pauperis*. The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

The Clerk shall also send a copy of this Procedural Order to the Treasurer's Office at the prison facility in which Brown is incarcerated, in order to facilitate any request by the plaintiff for his certified prison account statement. The Court requests that the Treasurer's Office include in any prison account statement Brown's average monthly deposits for the six-month period preceding the date the Complaint was filed, as well as the average monthly balance for that same period.

II.     Order to Amend the Complaint

Although the Northern District of Georgia construed this action as a § 1983 action, the actual document filed by Brown was s a Motion for Change of Venue. As such, it does not set forth plausible claims against the defendants in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the

---

in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Case 1:13-cv-13123-RGS   Document 5   Filed 12/10/13   Page 4 of 5

pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Phelps v. Local 0222*, No. 09-11218, 2010 WL 3342031, at *5 (D. Mass. 2010) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (quotations and citations omitted)). In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense." *Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc.*, 2011 WL 2681195, at *2, (D. Mass. 2011) (quoting *Diaz-Rivera v. Rivera-Rodriguez*, 377 F.3d 119, 123 (1st Cir. 2004) (internal punctuation and additional citations omitted)). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quotation omitted). While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." *Green v. Massachusetts*, 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

Further, under Rule 8, a plaintiff must plead more than a mere allegation that the defendant(s) has harmed him [or her]. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotation marks omitted).

Accordingly, Brown will be directed to file an Amended Complaint within 42 days of the date of this Memorandum and Order setting forth his claims against defendants Pepe and Cinelli in accordance with Rule 8. Failure to comply with this directive will result in a dismissal of this action.

No summonses shall issue pending further Order of the court.

4

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Within 21 days of the date of this Memorandum and Order, plaintiff shall pay the $350.00 filing fee and the $50.00 administrative fee, or he shall file a Motion for Leave to Proceed *in forma pauperis* accompanied by his certified prison account statement;

2. Within 42 days of the date of this Memorandum and Order, plaintiff shall file an Amended Complaint against the defendants pursuant to Rule 8 of the Federal Rules of Civil Procedure.

SO ORDERED.

/s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE